# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 13-685V
(E-Filed: August 27, 2014)

```
* * * * * * * * * * * * * * *
KATHLEEN ROSA,                    *      UNPUBLISHED
                                  *
                                  *
              Petitioner,         *      Special Master
                                  *      Hamilton-Fieldman
        v.                        *
                                  *      Tetanus-Diphtheria-acellular Pertussis
SECRETARY OF HEALTH AND           *      Vaccine; Brachial Neuritis; Decision;
 HUMAN SERVICES,                  *       Proffer.
                                  *
              Respondent.         *       .
* * * * * * * * * * * * * * *
```

James R. Kneisler, Jr., Law Offices of James R. Kneisler, Jr., San Angelo, TX, for
Petitioner.
Claudia B. Gangi, U.S. Department of Justice, Washington, DC, for Respondent.


## DECISION AWARDING DAMAGES[1]

On September 13, 2013, Petitioner, Kathleen Rosa, filed a petition seeking
compensation under the National Vaccine Injury Compensation Program ("the Vaccine
Program"). Petitioner alleged that the administration of a Tetanus-Diphtheria-acellular
Pertussis ("TDAP") vaccine administered on September 14, 2010, caused Petitioner to

---

[1] Because this unpublished decision contains a reasoned explanation for the
undersigned's action in this case, the undersigned intends to post this decision on the
United States Court of Federal Claims' website, in accordance with the E-Government
Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at
44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14
days within which to request redaction "of any information furnished by that party: (1)
that is a trade secret or commercial or financial in substance and is privileged or
confidential; or (2) that includes medical files or similar files, the disclosure of which
would constitute a clearly unwarranted invasion of privacy." Otherwise, "the entire"
decision will be available to the public. *Id.*

suffer from brachial neuritis.[2]

The parties agreed and submitted in a proffer, filed on August 27, 2014, that based on the evidence of record, Petitioner should be awarded $100,000.00. This amount represents all elements of compensation to which Petitioner would be entitled under 42 U.S.C. §300aa-15(a)(1); 15(a)(3)(B); and 15(a)(4).

The undersigned finds said proffer reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The proffer awards:

A lump sum payment of $100,000.00, representing compensation for pain and suffering ($85,404.00), and past unreimbursable expenses ($14,596.00), in the form of a check payable to Petitioner, Kathleen Rosa. This amount represents all damages available under 42 U.S.C. §300aa-15(a) to which Petitioner would be entitled.

Proffer Section II, III.

The undersigned approves the requested amounts for Petitioner's compensation. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| KATHLEEN ROSA, ) | |
| ) | |
| Petitioner, ) | |
| ) | **No. 13-685V** |
| v. ) | **Special Master Hamilton-Fieldman** |
| ) | **ECF** |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

### I.  Items of Compensation

A.  Future Medical Care Expenses

Respondent proffers that based on the evidence of record, petitioner is not entitled to an award for projected unreimbursable medical care expenses incurred from the date of judgment as provided under 42 U.S.C. § 300aa-15(a)(1)(A).  Petitioner agrees.

B.  Lost Earnings

Respondent proffers that based on the evidence of record, petitioner is not entitled to an award for actual or anticipated lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

C.  Pain and Suffering

Respondent proffers that the Court should award Kathleen Rosa a lump sum of $85,404.00 for her actual and projected pain and suffering.  This amount reflects that the award

1

for projected pain and suffering has been reduced to net present value. See § 300aa-15(a)(4).

Petitioner agrees.

      D. Past Unreimbursable Expenses

Evidence supplied by petitioner documents Kathleen Rosa's expenditure of past unreimubursable expenses as a result of her vaccine-related injury. Respondent proffers that the Court should award Kathleen Rosa a lump sum of $14,596.00 for past unreimbursable expenses as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(1)(A). Petitioner agrees.

      E. Medicaid Lien

Petitioner represents that there are no outstanding Medicaid liens related to her vaccine-related injury.

## II. Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment as described below and request that the Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $100,000.00, representing compensation for pain and suffering ($85,404.00), and past unreimbursable expenses ($14,596.00), in the form of a check payable to petitioner, Kathleen Rosa.

## III. Summary of Recommended Payment Following Judgment

Lump sum payable to petitioner:                          **$100,000.00**

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LINDA S. RENZI
Senior Trial Counsel
Torts Branch, Civil Division


/s/ Claudia B. Gangi
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel.: (202) 616-4138

Dated:   August 27, 2014